IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRYSTAL CLEAR SPEC. UTIL. DIST. | § | |
| | § | |
| v. | § | A-17-CV-00254-LY |
| | § | |
| DEANN T. WALKER, ARTHUR | § | |
| D'ANDREA and SHELLY BOTKIN, in | § | |
| their official capacities as Commissioners | § | |
| of the Public Utility Commission of Texas[1] | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Las Colinas' Motion for Judgment on the Pleadings (Dkt. No. 58), the Response (Dkt. No. 64), and Reply (Dkt. No. 65); Crystal Clear's Brief on the Proper Scope of Relief (Dkt. No. 71); the State Officials' and Las Colinas' Responses (Dkt. Nos. 72 & 73); and the Reply (Dkt. 74). The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

**I. GENERAL BACKGROUND**

Crystal Clear Special Utility District brings this suit against the Commissioners of the Public Utility Commission of Texas (PUC) in their official capacity and Las Colinas San Marcos Phase I, LLC, alleging that the PUC's decertification of property within Crystal Clear's certificate of convenience and necessity violates 7 U.S.C. § 1926.

---

[1]The Commissioners listed in the caption are the current Commissioners of the PUC. The docket sheet reflects Brandy Marty Marquez as one of the Commissioners, and does not include Shelly Botkin. Pursuant to FED. R. CIV. P. 25(d), the Court **ORDERS** that the Clerk terminate Marquez as a party, and add Botkin in her place.

Congress enacted § 1926 to protect a utility that is a recipient of federal loans from curtailment of its service area and encroachment by municipalities in order to ensure that recipients are able to repay their federal loans. *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 915 (5th Cir. 1996) (per curiam). The Fifth Circuit has described the territory of a federally-indebted water association services as "sacrosanct," *id*., and § 1926 specifically requires that:

> [t]he service provided or made available through any such association shall not be curtailed or limited by the inclusion of the area within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of said loan. . . .

*Id.* at 915; 7 U.S.C. § 1926. Crystal Clear received a federal loan under § 1926, and its certificate of convenience and necessity granted by the PUC covers about 165 square miles within Hays, Comal, and Guadalupe counties. In September 2016, Las Colinas filed a petition with the PUC, as allowed under the Water Code, requesting that the PUC decertify 80 acres of property that is part of Crystal Clear's certificate of convenience and necessity, and which is owned by Las Colinas ("the Disputed Property").[2] The Water Code allows for expedited decertification of a property meeting certain requirements when it is "not receiving water or sewer service." *Id*. In determining whether to decertify property, the Water Code explicitly states that "[t]he utility commission may not deny a petition received under Subsection (a-5) based on the fact that a certificate holder is a borrower under the federal loan program." TEX. WATER CODE § 13.254(a-6). After Las Colinas' decertification petition was filed, Crystal Clear intervened in the proceedings, arguing that the Texas statute was preempted by § 1926 and requesting that the PUC deny Las Colinas' petition. The PUC concluded that it was required to abide by the state law and granted Las Colinas' petition. Crystal

---

[2]Unless otherwise indicated, all citations to the applicable Texas Water Code provisions will be limited to the relevant section number, *i.e.* "§ 13.254(a-5)."

2

Clear then filed an appeal in state court. Crystal Clear also filed this federal suit, arguing that Tex. Water Code §§ 13.254(a-5) & (a-6) are preempted by § 1926, and are therefore unconstitutional. It requested injunctive and declaratory relief to this effect.

Crystal Clear moved for summary judgment on all of its claims, and on March 29, 2018 the Court entered an order granting summary judgment in part for Crystal Clear, declaring that: (1) Crystal Clear is federally indebted under Section 1926; (2) Crystal Clear has "provided or made available" service under § 1926 by virtue of its legal duty to provide service as defined by its certificate of convenience and necessity; (3) PUC Officials' order granting the petition to decertify the Disputed Property from Crystal Clear's certificate of convenience and necessity curtailed Crystal Clear's rights under § 1926; and (4) § 13.254(a-6) is preempted by § 1926. In accordance with the Court's Summary Judgment Order (Dkt. No. 66), the Court asked for further briefing on the proper scope of relief. That is the focus of this Report and Recommendation.

## I. DISCUSSION

In general, where there is preemption, there is an implied right of action to assert preemption claims seeking injunctive and declaratory relief and to enjoin state or local regulation that is preempted by a federal statutory or constitutional provision. *Planned Parenthood of Hous. and Se. Tex. v. Sanchez*, 403 F.3d 324, 333-35 (5th Cir. 2005); *Green Valley Special Util. Dist. v. Walker*, 324 F.R.D. 176, 181 (W.D. Tex. 2018). The Fifth Circuit has noted that although § 1926(b) does not create or specify a remedy for the enforcement of violations, an injunction has been "the principal tool employed by the courts with which to enforce the statute and prevent violations." *N. Alamo Water Supply Corp.*, 90 F.3d at 917. Along those lines, courts both in this circuit and in others have long considered injunctive and declaratory relief to be appropriate to address a violation

3

of § 1926(b). *El Oso Water Supply Corp. v. City of Karnes City, Tex.*, No. SA-10-CA-0819-OG, 2012 WL 4747680, at *1 (W.D. Tex. Apr. 11, 2012); *Jennings Water, Inc. v. City of N. Vernon, Ind.*, 682 F.Supp 421, 427 (S.D. Ind. 2012). Because the Court has already found that there has been a violation of § 1926(b), injunctive and declaratory relief are appropriate here.

### A. Relief as to the PUC Officials

The PUC makes several arguments as to why Crystal Clear should not be granted declaratory or injunctive relief. Most are not substantive. For example, PUC Officials complain that the relief requested by Crystal Clear is both overly broad, and impermissibly vague. They also assert that to "provide meaningful relief," the Court must address a host of sections of the Texas Water Code that were never the subject of this litigation. Finally, they make what is essentially an "unclean hands" argument, based on allegations that Crystal Clear has made "false statements" to the Court. None of these arguments have merit.

With regard to the alleged vagueness and overbreadth of the requested relief, the Court need not address these points, because the relief the Court recommends below does not include the provisions that PUC Officials complain about.[3] Further, the Court rejects the PUC Officials' claim that Crystal Clear made false statements to the Court, as it finds that claim to be without any

---

[3] One of these arguments merits a brief mention. PUC Officials argued that any injunction imposed for a time period defined as "as long as Plaintiff's federal loan remains outstanding," is improper, as such a time period is "unknown, unknowable, and potentially infinite." Dkt. No. 72 at 9. This is a silly argument. Numerous courts have enjoined the curtailment of a utility's service in exactly this manner. *El Oso Water Supply Corp.*, 2012 WL 4747680 at *1 (W.D. Tex. Apr. 11, 2012) (enjoining the City from prosecuting any claims under Chapter 13 "so long as its service area is protected under 7 U.S.C. § 1926(b)"); *Jennings Water,* 682 F. Supp. at 427 (enjoining curtailment "during the term of a loan"), *aff'd*, 895 F.2d 311 (7th Cir. 1989). Moreover, the PUC Officials state in their own brief that there are "publicly available records of Crystal Clear's loan documentation." Dkt. No. 72 at 16.

evidentiary support. What the PUC Officials claim to be false statements simply do not appear to be such. Last, the PUC Officials' request that the Court provide it with what would plainly be an advisory opinion regarding the impact of the Court's legal ruling in this case on several Texas Water Code sections that were never the subject of briefing nor challenged by Crystal Clear, is improper. The only statutes that Crystal Clear challenged here were §§ 13.254(a-5) and (a-6). Those are also the only statutes that the parties briefed and the Court addressed. Opining about whether other portions of the Texas Water Code are impacted by the Court's rulings would be improper, and the Court declines the PUC Officials' invitation to do so. As the Supreme Court has stated,

> Article III of the Constitution limits the "judicial power" of the United States to the resolution of "cases" and "controversies." The constitutional power of federal courts cannot be defined, and indeed has no substance, without reference to the necessity to "adjudge the legal rights of litigants in actual controversies."

*Valley Forge Christian Coll. v. Am. United for Separation of Church and State*, 454 U.S. 464, 471 (1982) (citations omitted). Here, there is no "case" or "controversy" concerning §§ 13.254(a), (a-1), or (b), and for this Court to opine on those specific sections would amount to an advisory opinion, which is strictly prohibited by Article III.

The PUC Officials' sole substantive objection to the entry of relief against them is the claim that the relief would be retroactive and not prospective, and thus would violate the limits set by *Ex Parte Young*, 209 U.S. 123 (1908). Judge Yeakel, however, already rejected the argument in his order adopting the undersigned's Report and Recommendation on February 15, 2018. (Dkt. No. 46) As noted there, *Ex Parte Young* allows suits seeking prospective injunctive relief against state officials in their official capacity; Crystal Clear has asserted a federal right, and is seeking injunctive and declaratory relief that is prospective in nature against state officials in their official capacities. *See* Dkt. No. 32 at 3-5; Dkt. No. 46. The Court need not look backwards to remedy the harm caused

by the PUC Officials' reliance on a preempted statute to decertify a portion of Crystal Clear's territory, but rather it need only declare that the final order violated federal law, and enjoin PUC Officials from taking any actions to enforce that order.

The Court cannot complete this discussion without noting that the PUC Officials' brief contains the unsettling suggestion that it does not recognize federal law as the supreme law of the United States. Specifically, PUC Officials state that even if the Court strikes § 13.254(a-6),

> Section 13.254(a-5) states that the PUCT "shall grant" a petition meeting [(a-5)'s] three requirements, and, being a creature of statute, the PUCT may not consider an extrastatutory factor—such as the utility's status as a debtor to the USDA—regardless of that portion of 13.254(a-6) reaffirming that principle.

Dkt. No. 72 at 15. The Constitution begs to differ. Though it should not be necessary, the Court reminds PUC Officials that Article VI of the Constitution provides:

> This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, *anything in the Constitution or laws of any State to the contrary notwithstanding*.

U.S. CONST. Art. VI (emphasis added). Thus, regardless of whether § 13.254(a-5) explicitly directs the PUC to consider the provisions of 7 U.S.C. § 1926(b), the PUC has no choice in the matter, as the Constitution compels it to consider that applicable federal law. The fact that the PUC suggests otherwise is troubling. Generally, a court should be as circumscribed as possible when it determines the scope of a ruling invalidating a statute, and this is particularly true when there are both separation of powers and federalism issues implicated, as there are here. But the PUC Officials' suggestion that they have no choice but to follow state law even in the face of a directly contrary federal law—despite the fact that the agency has a general counsel and a staff full of attorneys—supports Crystal Clear's argument that the Court should go further than simply enjoining enforcement of

6

§ 13.254(a-6).[4] Accordingly, the Court has added in its recommended relief, a declaration regarding § 13.254(a-5) as well.

B. **Relief as to Las Colinas**

Separately, Crystal Clear urges the Court to include Las Colinas as part of any injunctive relief granted by the Court because Las Colinas sought and obtained improper decertification of Plaintiff's service area in violation of Plaintiff's federal rights. The Court, however, is unpersuaded that relief need be ordered against Las Colinas. Instead, the relief ordered against PUC officials should be sufficient to address any potential future harm that could occur to Crystal Clear, involving the tract owned by Las Colinas. Given that the Court is recommending that the order decertifying the Disputed Property be declared void, and that the PUC be enjoined from enforcing it, Las Colinas will not be able to obtain water service from a provider other than Crystal Clear, without petitioning the PUC anew. The Court's recommendation that both §§ 13.254(a-5) and (a-6) be declared

---

[4] In their briefing, the parties argue about whether the Court should order PUC Officials to "re-certify" the Las Colinas property back into Crystal Clear's service area. PUC Officials contend that the Court does not have the authority to do so, arguing that while the Court has the power to "inform the State Officials what the law means . . . it may not command them to exercise their discretion that the state legislature has unambiguously delegated to them to grant or deny CCNs." Dkt. No. 72 at 13. "Thus," claim the PUC Officials, "if Crystal Clear desires to have the [property] added to its existing service area, Crystal Clear has two lawful options. It can pursue its case in state court, which is the sole tribunal authorized to reverse the agency's order, or it can file an application with the PUCT under Texas Water Code sections 13.241 *et seq.* to obtain certification of the tract at issue. . . ." *Id.* There would seem to be a rather obvious third option, which is that, upon the final resolution of this case and any appeals, PUC Officials vacate what will have been finally determined to be an improper order. The suggestion that Crystal Clear would instead have to either wait for a Texas court to reverse the order (when the controlling law on the validity of the order is federal law), or go through an entirely new certification process to regain its rights to this part of its service area, is another sign of the apparent recalcitrance of the PUC Officials to recognize the supremacy of federal law. Having said this, as already discussed in the text, the Court believes that enjoining PUC Officials from enforcing in any way the decertification order is sufficient to protect Crystal Clear's rights. Should that not be the case, Crystal Clear should promptly seek contempt relief from the Court.

preempted (as discussed below) will prevent Las Colinas from being able to obtain decertification on the same terms again. Because injunctive relief should always be narrowly tailored, and because Crystal Clear's rights under § 1926(b) vis-a-vis Las Colinas will be protected by the declaratory and injunctive relief entered against PUC Officials, the Court declines to recommend granting any relief against Las Colinas.[5]

## II. RECOMMENDATION

Based on the foregoing discussion and the Court's Summary Judgment Order (Dkt. No. 66), the undersigned Magistrate Judge **RECOMMENDS** that the Court enter judgment in favor of Crystal Clear Special Utility District and against the PUC Officials on Crystal Clear's claims for declaratory relief brought under 28 U.S.C. § 2201, 42 U.S.C. § 1983, and Crystal Clear's request for permanent injunctive relief brought under 7 U.S.C. § 1926(b), as follows:

The undersigned **RECOMMENDS** that the Court make the following declarations:

(1) PUC officials' Final Order of September 28, 2016, in the matter titled Tex. Pub. Util. Comm'n, *Petition of Las Colinas San Marcos Phase I LLC*, Docket No. 46148 was entered in violation of 7 U.S.C. § 1926(b) and is void.

(2) TEX. WATER CODE § 13.254(a-6) is preempted by 7 U.S.C. § 1926 and is void;

(3) To the extent that TEX. WATER CODE § 13.254(a-5) directs PUC Officials to grant a petition for decertification that meets the requirements of that provision without regard to whether the utility holding the certification is federally indebted and otherwise entitled to the protections of 7 U.S.C. § 1926(b), the statute is preempted and is void;

The undersigned **FURTHER RECOMMENDS** that the Court enjoin the Commissioners of the Public Utility Commission of Texas, in their official capacities, as follows:

---

[5]This also allows the Court to avoid having to reach the *Noerr-Pennington* argument Las Colinas raised in both its briefing on the appropriate relief, and in its Motion for Judgment on the Pleadings (Dkt. No. 58).

(1) The PUC, its officers, employees, and agents are permanently enjoined from enforcing in any manner the order of September 28, 2016 in the matter titled Tex. Pub. Util. Comm'n, *Petition of Las Colinas San Marcos Phase I LLC*, Docket No. 46148 (Final Order).

Finally, as noted above, the undersigned does not believe that any declaratory or injunctive relief against Las Colinas is necessary. Given this, the Court **RECOMMENDS** that Las Colinas' Motion for Judgment on the Pleadings be denied as moot. (Dkt. No. 58).

### III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 29th day of November, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE