# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CRYSTAL CLEAR SPEC. UTIL. DIST. | § | |
| | § | |
| v. | § | A-17-CV-00254-LY |
| | § | |
| DEANN T. WALKER, ARTHUR | § | |
| D'ANDREA and SHELLY BOTKIN, in | § | |
| their official capacities as Commissioners | § | |
| of the Public Utility Commission of Texas, | § | |
| and LAS COLINAS SAN MARCOS | § | |
| PHASE I, LLC | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. No. 85), the responses (Dkt. Nos. 91 & 92), and the reply (Dkt. No. 94). The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I. BACKGROUND

The district judge entered a final judgment in this case, granting Crystal Clear Special Utility District injunctive and declaratory relief. The Commissioners of the Public Utility Commission of Texas (collectively, the "PUC") and Las Colinas San Marcos Phase I, LLC, have appealed the judgment, and Crystal Clear has filed a cross-appeal. The appeal remains pending before the Fifth Circuit, and is presently stayed awaiting the decision in a related appeal. After judgment was entered, Crystal Clear filed the instant motion, seeking to recover its attorneys fees' and costs against both the PUC and Las Colinas. Its attached affidavit and billing records reflects it has expended

$152,268.00 in fees, and $689.75 in costs. It further notes that its counsel had expended an additional $1,837.50 in fees it had not yet billed, and estimated it would expend a total of $10,000.00 for work on the fees motion. Finally, Crystal Clear also requests it be conditionally awarded $50,000.00 for work it anticipates will be required for the appeal to the Fifth Circuit, and "at least" $50,000.00 more in the event of an appeal to the U.S. Supreme Court.

Other than raising an argument the district judge has already rejected,[1] the PUC's response does not contest Crystal Clear's entitlement to fees, only the amount it seeks. Las Colinas argues that there is no legal basis for an award of fees against it, as it was not sued, nor was it subject to suit, under § 1983.

## II. ANALYSIS

**A.     Standard**

Under the American rule, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.LP. v. ASARCO LLC*, 135 S. Ct. 2158, 2161 (2015). Accordingly, "[a] district court may not award attorneys' fees 'unless a statute or contract provides' the basis for such an award." *Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 470 (5th Cir. 2016) (quoting *Baker Botts*, 135 S.Ct. at 2164). Federal Rule of Civil Procedure 54(d)(2) provides the procedure for the prevailing party, by motion, to specify the statute, rule, or other grounds entitling them to the award. FED. R. CIV. P. 54(d)(2). *See White v. Reg'l Adjustment Bureau, Inc.*, 2013 WL 12175083 at * 4 (N. D. Tex. June 16, 2013) (noting that party must identify

---

[1] In a footnote, the PUC references the argument it raised in its motion to amend the judgment, contending that Crystal Clear, as a political subdivision, was not entitled to proceed under § 1983. Judge Yeakel rejected that argument, however, noting that the PUC had failed to raise the argument in the two years before judgment was entered. Dkt. No. 96 at 2.

2

a statute or rule to recover fees under Rule 54). However, Rule 54(d)(2) does not supply the substantive prerequisites for obtaining attorneys' fees and expenses; rather, those requirements are "governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Crystal Clear filed this case pursuant to 42 U.S.C. § 1983, which provides that in such an action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "Even when a party has satisfied Rule 54(d)(2)'s procedural requirements and the governing substantive law permits recovery, the decision whether to award attorney's fees and expenses remains subject to the district court's equitable discretion." *Rodriguez v. Quicken Loans, Inc.*, 257 F. Supp. 3d 840, 844 (S.D. Tex. 2017)

In determining whether a request for attorneys' fees is reasonable, a three step process is generally employed: (1) determine the nature and extent of the services provided by counsel; (2) set a value on those services according to the customary fee and quality of the legal work; and (3) adjust the compensation on the basis of certain enumerated factors that may be of significance in the particular case. *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1092 (5th Cir. 1982). Steps one and two result in a computation of the "lodestar" amount—that is, a computation of the reasonable number of hours expended by counsel multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Once the initial lodestar amount has been calculated, the court then considers the twelve "*Johnson* factors" and, in its discretion, adjusts the lodestar accordingly. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

**B.     Las Colinas**

The sole basis for Crystal Clear's fee request as to both Defendants is it having prevailed on its § 1983 claim.  With respect to Las Colinas, Crystal Clear contends that it is entitled to recover fees because Las Colinas should be considered a "state actor" under § 1988, as it "consciously prosecuted its application for decertification despite its actual awareness of Crystal Clear's federal rights and was a willing participant in that process every step of the way." Dkt. No. 85 at 3.  Las Colinas objects, pointing out that Crystal Clear previously disclaimed that it was making any § 1983 claim against Las Colinas.  Las Colinas is correct—Crystal Clear lacks any statutory basis to recover fees from Las Colinas—and its attempt to claim Las Colinas was a state actor comes far too late, and is inconsistent with Crystal Clear's prior arguments in this case.

Las Colinas correctly notes that in response to Las Colinas' 12(b)(6) motion, Crystal Clear stated that its "section 1983 claim is asserted only against the PUC Officials . . . . There is no section 1983 claim asserted against Las Colinas that could be subject to dismissal under Rule l2(b)." Dkt. No. 15 at 20.  Crystal Clear doubled down on this position when Las Colinas accused it of having changed its position by invoking § 1983 in asserting its entitlement to an injunction against Las Colinas.  In response to this argument, Crystal Clear stated that "[n]owhere in [its] brief is section 1983 raised with respect to Las Colinas.  Plaintiff is entitled to injunctive relief against Las Colinas under 7 U.S.C. § 1926(b) and this Court's equitable powers." Dkt. No. 74 at 4.  These are judicial admissions, and bind Crystal Clear.  *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476-77 (5th Cir. 2001).  Crystal Clear did not bring a § 1983 claim against Las Colinas.

In its reply, Crystal Clear contends that it may nevertheless recover fees against Las Colinas under § 1988, because it "assert[ed] a § 1983 claim against the PUC Defendants," § 1988 allows the

4

recovery of fees in any § 1983 "action or proceeding," and Las Colinas qualifies as a "state actor" under § 1983. Dkt. No. 94 at 4. There is a conspicuous lack of authority in Crystal Clear's brief for this argument, likely because there is none. If this interpretation of § 1988 were correct, a party could recover fees under § 1988 against a private third party, despite having chosen not to try to prove that party's conduct made it a "state actor" for § 1983 purposes. There is nothing in the statute or case law that suggests this is a correct interpretation of §§ 1983 and 1988. If Crystal Clear wanted to recover fees against Las Colinas, it was incumbent on it to plead and prove that Las Colinas was subject to suit under § 1983 as a "state actor."

**C. PUC**

As noted, other than invoking the tardy argument raised in its motion to amend the judgment, the PUC takes exception only to the amount of fees Crystal Clear requests. It contends that Crystal Clear failed to exercise "billing judgment" by: (1) not eliminating allegedly duplicative work done in both this and a related federal case; (2) duplicating effort in this suit and the related state court suit; (3) spending too many "partner hours" on non-partner tasks; and (4) failing to segregate its work on its claim against Las Colinas from the work on the claims against the PUC. None of these arguments have merit.

Withe regard to the alleged duplication between counsel's work in this suit, and its work in *Green Valley Special Util. Dist. v. Walker,* No. AU-17-CA-0819-SS, the PUC fails to offer any actual evidence that there was in fact duplication of effort between those cases. The summary judgment briefing it points to actually supports the opposite conclusion, demonstrating that the two filings were tailored to the individual cases in which they were filed. Moreover, the mere fact that Crystal Clear's attorneys represented another party—*not* Crystal Clear—in a suit raising the same

or similar issues as this suit does not support the argument the PUC essentially makes: that counsel billed both of the clients for the same work. The Court's review of the materials submitted by Crystal Clear offers no such evidence. Similarly, there is no support for the PUC's suggestion that the fees Crystal Clear incurred in the related PUC administrative case and appeal also suggest a duplication of effort. The appeal before the Travis County District Court was not stayed until the matter had been fully briefed, and the fees expended in that case seem commensurate with the work that was required there.

The PUC's attack of the allocation of work among the attorneys working on the case is also without foundation. The Court's review of the billing records reflects that the time spent by the various attorneys at the firm was commensurate with the work needed and was reasonable. And the PUC's assertion that Crystal Clear should have segregated from its fee request its work on the claims against Las Colinas ignores the reality that those claims were intimately related to the claims against the PUC. The dispute arose because Las Colinas requested the PUC to decertify territory from Crystal Clear's CCN under a statute preempted by federal law. The arguments Crystal Clear had to make against the PUC to prevail on its claim that the PUC could not remove the Las Colinas property from Crystal Clear's CCN were interrelated with those it had to make against Las Colinas. Further, it cannot credibly be claimed that the PUC and Las Colinas did not coordinate their defense of the suit, which forced Crystal Clear to defend on two fronts. To the extent that Las Colinas raised defenses unique to it, requiring Crystal Clear to respond, that work was also necessary to Crystal Clear's pursuit of the injunctive relief it won against the PUC. Moreover, there was a clear way to prevent the overlap the PUC now complains of—Las Colinas could have argued it was improperly

joined as a party.[2] Yet neither the PUC nor Las Colinas once contended that Las Colinas was improperly joined as a defendant, and it is doubtful that Las Colinas preferred to sit on the sidelines. Indeed, despite there being no relief entered against it, Las Colinas continues to fight the judgment in the Fifth Circuit, more evidence that Crystal Clear's work related to Las Colinas was part and parcel of what it needed to do to prevail on its claims against the PUC.

The one aspect of the PUC's criticism of the fee request that has merit is its contention that a conditional award of fees for appeal is inappropriate. The undersigned has addressed this issue previously and has concluded that the preferred approach is to address appellate fees after an appeal is complete. *See, e.g., Transverse LLC v. Iowa WirelessServices LLC*, 2019 WL 3283217 at *13 (W.D. Tex. July 22, 2019). This applies to the $50,000.00 sought for the Fifth Circuit appeal, and the $50,000.00 requested related to any appeal to the Supreme Court.

Similarly, Crystal Clear's request for costs in the amount of $689.75 will be disallowed. As Las Colinas correctly points out, the correct process to recover costs requires the filing of a Bill of Costs with the clerk within 14 days of the entry of judgment. *See* Local Rule 54(a). Crystal Clear failed to file a timely bill of costs, and thus has waived the recovery of its costs.

**D.     Fee amount**

The Court's review of the evidence submitted reflects that the fees requested by Crystal Clear are reasonable, both as to the hours expended and the rates charged, and the little evidence that the PUC submitted fails to support its attack of the billings. Using the lodestar method, and applying the *Johnson* factors, the Court sees no basis to adjust the requested amount of $152,268.00 in

---

[2]Instead, Las Colinas argued in its Rule 12 motion that the Court should abstain, that granting relief against it would run afoul of the Anti-Injunction Act, and that it was not subject to suit under § 1983. Dkt. No. 12.

actually billed time, as well as the $1,837.50 in incurred, but not yet billed, time. The request also sought an additional $10,000.00, which was Crystal Clear's estimate of the fees it would incur on the present motion. Dkt. No. 85-1 at ¶ 14. The Court declines to award fees based on this estimate, and Crystal Clear may, in the objection period on this Report and Recommendation, update that portion of its request with a sum certain so that the district judge's order may include it.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. No. 85) be **GRANTED IN PART and DENIED IN PART.** Specifically, the court recommends that the Court **GRANT** the motion as to Plaintiff's request for $154,205.50 in attorneys' fees against the Commissioners of the Public Utility Commission of Texas, in their official capacities (as supplemented during the objection period as noted immediately above), but **DENY** the motion as to the request that Las Colinas also be liable for the fees, with regard to the request for costs, and with regard to making a conditional award of fees on appeal.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to

proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 29th day of November, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE